# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| iFLY HOLDINGS LLC,<br><br>Plaintiff,<br><br>v.<br><br>INDOOR SKYDIVING GERMANY GMBH,<br><br>Defendant. | CIVIL ACTION NO. 2:14-CV-01080-JRG-RSP |

**AFFIDAVIT OF GARY SCHMIT
IN SUPPORT OF INDOOR SKYDIVING GERMANY GMBH'S
MOTION TO DISMISS AND/OR TRANSFER**

I, Gary Schmit, declare as follows:

1. I am one of the founders of the Phoenix project. I submit this affidavit in support of Indoor Skydiving Germany GmbH's ("ISG") motion to dismiss for lack of personal jurisdiction and/or motion to transfer venue. Unless otherwise indicated, I have personal knowledge of the facts set forth in this affidavit and, if called as a witness, could and would competently testify to them.

2. I am a skydiver and an Arizona resident. I live and am self-employed in Phoenix, Arizona.

3. In early 2012, Jason Peters and I decided to pursue the possibility of developing an indoor skydiving simulator in Phoenix, Arizona. For most of the year, we worked on the project and put together a business plan.

4. In July 2013, Jason Peters and I traveled to Oshkosh, Wisconsin to attend an air show and to meet with a possible investor for our wind tunnel project. While at the air show, a

1

mutual friend introduced us to Max Reising. We discussed the possibility of Reising investing in the indoor skydiving simulator in Phoenix, Arizona.

5. After our meeting in Wisconsin, we continued to have multiple telephonic discussions and a few in-person meetings, primarily in Arizona, in furtherance of developing the project.

6. During this time, Peters and I began looking for a suitable location for the indoor skydiving simulator around the Phoenix area. The only locations we considered were near Phoenix. I was tasked with finding available land for the project and engaged a Phoenix-area real estate broker to assist me with the search. We ultimately settled on a lot in Scottsdale, Arizona, which is owned by the Salt River Pima-Maricopa Indian Community.

7. The selected parcel is in an "entertainment district" created by the tribe, plans for which include a casino, an aquarium, a butterfly museum, theatres, a waterpark, and dozens of restaurants and hotels. The indoor skydiving simulator, which we are calling FliteShop, will be an integral component of the entertainment district. I have been working extensively with the tribe to finalize the project.

8. One of my responsibilities will be to obtain the required documents and submitting them to the appropriate officials of the State of Arizona and the Salt River Maricopa-Pima Indian Community. I am working with architects and engineers located in Arizona to get the appropriate forms submitted.

9. The Salt River Pima-Maricopa Indian Community, as an individual sovereign, has its own review and approval process. That community is located at 10005 East Osborn Road in Scottsdale, Arizona; about 30 miles away from the District Court in Phoenix and 1200 miles away from District Court in Marshall, Texas.

10. I am also responsible for marketing the project. To that end, I oversaw the development of the website for the wind tunnel business. Through the website, we announced the planned FliteShop indoor skydiving facility in April 2014. Peters and I plan to operate the wind tunnel if it is constructed.

11. In marketing the project, I estimate that between 85-95% of customers will be first time flyers and/or corporate event customers from the Phoenix area. All marketing efforts for the proposed project have been, and will be, narrowly targeted to the greater Phoenix market. Additionally, the Salt River Pima-Maricopa Indian Community has provided some early marketing for the FliteShop skydiving simulator. To my information and belief, those documents are held by the tribe in Scottsdale, Arizona.

12. Jason Peters, Andy Malchiodi, Max Reising and I formed a limited partnership, FliteShop Phoenix LP, for the purpose of funding and developing a skydiving simulator to be built in Phoenix, Arizona. Reising handled the formalization of this partnership. Up to this point and before traveling to Germany, the parties were only discussing the terms of a potential agreement, but no agreement had been reached.

13. On January 8, 2014, Malchiodi, Reising and I flew to Germany to meet with ISG. Peters had traveled to Germany the previous day. Together we met with ISG at its offices in Gladbeck, Germany to negotiate the terms of a potential future sale. We reached an agreement that allowed, but did not require FliteShop Phoenix LP to buy an ISG wind tunnel for the Arizona project. The agreement simply gave us the option of ordering an ISG wind tunnel in the future. To date, no formal order has been placed.

14. If the wind tunnel project is built, the current plan is that Peters and I will be in charge of the day-to-day operations of the facility.

15. Because I live in Phoenix, Arizona, it is much more convenient for me to attend deposition and trial in Phoenix Arizona. I do not regularly travel to East Texas and have never been to Marshall, Texas. It would incur substantial expense, lost time at work, and other personal inconveniences if I had to travel to East Texas for trial. Any relevant documents concerning the wind tunnel project would be located in my home office in Phoenix, Arizona.

I do solemnly declare and affirm that under the penalties of perjury of the laws of the United States of America that the contents of this affidavit are true to the best of my knowledge, information, and belief. Executed this 23 day of March, 2015.

_____
Gary Schmit