# Exhibit D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| iFLY HOLDINGS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>INDOOR SKYDIVING GERMANY GMBH,<br><br>    Defendant. | CIVIL ACTION NO. 2:14-CV-01080-JRG-RSP |

### AFFIDAVIT OF BORIS NEBE
### IN SUPPORT OF INDOOR SKYDIVING GERMANY GMBH'S
### MOTION TO DISMISS AND/OR TRANSFER

I, Boris Nebe, declare as follows:

1.  I submit this affidavit in support of Indoor Skydiving Germany GmbH ("ISG") motion to dismiss for lack of personal jurisdiction and/or motion to transfer venue. Unless otherwise indicated, I have personal knowledge of the facts set forth in this affidavit and, if called as a witness, could and would competently testify to them.

2.  I am a German citizen and the Managing Director of ISG.

3.  ISG is a limited liability company located at Am Wiesenbusch 2, 56966 Gladbeck, Germany. ISG makes, markets and sells wind tunnels for use in indoor skydiving simulators in Europe and Asia. All of ISG's research and development takes place in Germany. To date, there are no ISG wind tunnels in the United States.

4.  ISG has no presence in Texas. ISG has no offices or facilities in Texas, no bank accounts in Texas, no real estate in Texas, no employees or documents located In Texas, and has no registered agent in Texas. ISG has never filed a lawsuit in Texas. ISG does not design or

1

manufacture any products in the Eastern District of Texas. ISG has never met with anyone in Texas for the purpose of selling or offering to sell the accused wind tunnels, and has never made, used, sold, offered for sale or imported a wind tunnel to Texas. ISG does not have any current plans to sell a wind tunnel in Texas.

5. I have known Jason Peters since 1997, when I attended a Lufthansa flight-training center near Phoenix, Arizona.

6. On September 20, 2012, Jason Peters sent me a Facebook message from Arizona saying he would like to talk about a possible indoor skydiving project.

7. In response to Peters request, I sent Peters a non-disclosure agreement via email so he could have access to some of our information. Peters signed and returned the NDA to me. To my knowledge, Peters was in Arizona during this discussion and exchange.

8. Throughout discussions regarding the Phoenix wind tunnel, my primary contact has been Peters. I understand that Peters resides in Arizona and, to the best of my knowledge, Peters maintains documents he has received from ISG in Arizona

9. After Peters contacted me, I was informed that Max Reising was considering participating in the project. Peters told me about his and Schmit's introduction to Reising (at the air show) and about their plans to include Reising in the Phoenix project. Peters, Schmit, Reising, and I engaged in a few Skype calls to discuss the project. In November 2013, I sent Reising our NDA so he could receive our estimates for the construction of the facility to be built in Arizona. Reising returned the signed NDA shortly thereafter. I did not know where Reising was when he received or reviewed the documents. At this point, ISG had not offered to sell, and Reising and his partners had not offered to buy, an ISG wind tunnel.

10. In December 2013, Peters requested a proposal from ISG for construction of a vertical wind tunnel near Phoenix, Arizona. In January 2014, ISG sent Peters its proposal. Up to this point, we had only discussed the terms of a potential agreement with ISG, but no agreement had been reached.

11. In July 2014, Jason Peters, Gary Schmit, Andy Malchiodi, and Max Reising met with me at ISG's office in Gladbeck, Germany to negotiate the terms of a potential future sale. ISG and the FliteShop Phoenix LP reached an agreement that allowed, but did not require FliteShop Phoenix LP to buy an ISG wind tunnel for the Arizona project. The agreement simply gave them the option of ordering an ISG wind tunnel in the future. To date, no formal order has been placed.

12. This July 2014 agreement was only between FliteShop Phoenix LP and ISG. ISG has not conducted any business with FliteShop PHZ Genpar or Armor Captial LLC.

13. The agreement specifies that the wind tunnel must be built within 75 kilometers of the Phoenix area. FliteShop cannot, and ISG will not permit, the wind tunnel to be built in any other location, including Texas.

14. None of the discussions or negotiations that led to ISG's agreement with FliteShop Phoenix LP took place in Texas. No ISG managing agent or employee has ever traveled to Texas for any purpose related to the proposed FliteShop project in Phoenix.

15. As part of its construction, inspection and testing of the allegedly infringing device will occur in Arizona.

16. To our best information and belief, ISG design documents that may be relevant to the Phoenix wind tunnel are located in Gladbeck, Germany, or in the files of the FliteShop

3

partners, Arizona architects and engineers, and/or the Salt River Pima-Maricopa Indian Community officials. ISG is not aware of any documents located in East Texas.

17. It is more convenient for me to attend trial in Phoenix, Arizona. I do not regularly travel to East Texas and have never been to Marshall, Texas.

I do solemnly declare and affirm that under penalty of perjury of the laws of the United States of America that the contents of this affidavit are true to the best of my knowledge, information, and belief. Executed this 24 day of March, 2015.

Boris Nebe

4