# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| iFLY HOLDINGS LLC,<br><br>Plaintiff,<br><br>v.<br><br>INDOOR SKYDIVING GERMANY GMBH,<br><br>Defendant. | CIVIL ACTION NO. 2:14-CV-01080-JRG-RSP |

**AFFIDAVIT OF MAX REISING
IN SUPPORT OF INDOOR SKYDIVING GERMANY GMBH'S
MOTION TO DISMISS AND/OR TRANSFER**

I, Max Reising, declare as follows:

1. I am one of the partners of the Phoenix project. I submit this affidavit in support of Indoor Skydiving Germany GmbH's ("ISG") motion to dismiss for lack of personal jurisdiction and/or motion to transfer venue. Unless otherwise indicated, I have personal knowledge of the facts set forth in this affidavit and, if called as a witness, could and would competently testify to them.

2. I live and work in Southlake, Texas.

3. In July 2013, I traveled to Oshkosh, Wisconsin to attend an airshow. While at the air show, a mutual friend introduced me to Jason Peters and Gary Schmit. Jason and Gary talked about building an indoor skydiving simulator in Phoenix, Arizona, and asked me about the possibility of investing in the project.

1

4. After our meeting in Wisconsin, we continued to have multiple telephonic discussions and a few in-person meetings, primarily in Arizona, in furtherance of developing the project.

5. In November 2013, I received via email from ISG an NDA and cost estimate for the construction of the Phoenix facility. I travel extensively for work, and thus email is a convenient method for me to receive documentation.

6. In furtherance of this wind tunnel project, Gary Schmit, Andy Malchiodi, Jason Peters and I formed a limited partnership, FliteShop Phoenix LP, for the purpose of funding and developing a skydiving simulator to be built in Phoenix, Arizona. I handled the formalization of this partnership.

7. When FliteShop Phoenix LP was formed, the building that would house the indoor skydiving simulator was not yet built and, therefore, no "business address" existed to which mail could be sent. Accordingly, a business shell was created in Texas where I live. FliteShop Phoenix LP does not have physical location, assets, liabilities, employees, or a document server from which to produce documents in this case. FliteShop Phoenix LP does not yet have a formal partnership agreement in place.

8. As part of this project, I formed two related holding companies, PHZ Genpar and Armor Capital LLC. PHZ Genpar has no assets, and Armor Capital merely holds the trademark for the FliteShop brand. None of these entities conducts business in Texas. To the extent these companies can be said to be conducting any business at all, that business is conducted solely in Arizona.

9. Up to this point and before traveling to Germany, my partners and I were only discussing the terms of a potential agreement with ISG, but no agreement had been reached.

10. On January 8, 2014, Schmit, Malchiodi, and I flew to Germany to meet with ISG. Peters had traveled to Germany the previous day. Together we met with ISG at its offices in Gladbeck, Germany to negotiate the terms of a potential future sale. We reached an agreement that allowed, but did not require FliteShop Phoenix LP to buy an ISG wind tunnel for the Arizona project. The agreement simply gave us the option of ordering an ISG wind tunnel in the future. To date, no formal order has been placed.

11. In September 2014, Alan Metni called me on the pretext that he wanted to discuss SkyVenture's intent to build a competing wind tunnel across the street from FliteShop's planned facility in Phoenix. During the call, Metni urged me to sever all ties with his current partners and his business relationship with ISG, and to instead invest in a skydiving simulator made by SkyVenture. Metni told me that I should team up with SkyVenture "because there is no way an ISG tunnel is going to be operating in the United States" because "[his] patents block that." Metni stated that SkyVenture's litigation counsel projected that litigation by SkyVenture would cost ISG at least $2.5 million, and that ISG would not pay that kind of money to defend me if a suit was filed.

12. While I reside in Southlake, Texas, I frequently travel to Phoenix for business, and thus it is as or more convenient for me to attend trial in Phoenix Arizona than Marshall, Texas. I agree to voluntarily appear for trial in the District of Arizona. Any relevant documents concerning the wind tunnel project would be located in Southlake, Texas.

I do solemnly declare and affirm that under the penalties of perjury of the laws of the United States of America that the contents of this affidavit are true to the best of my knowledge, information, and belief. Executed this 25th day of March, 2015.

_____
Max Reising