IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| iFLY HOLDINGS LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>INDOOR SKYDIVING GERMANY GMBH,<br><br>        Defendant. | CIVIL ACTION NO. 2:14-CV-01080-JRG-RSP<br><br>JURY TRIAL DEMANDED |

## [PROPOSED] ORDER

Now before the Court is Defendant, Indoor Skydiving Germany, GmbH's ("ISG")'s Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction and, alternatively, Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a).

For the reasons set forth below, the Court hereby GRANTS ISG's Motion.

### I. This Court Lacks Personal Jurisdiction

Plaintiff iFLY bears the burden of making a *prima facie* showing that ISG is subject to personal jurisdiction in Texas. *See AFTG-TG LLC v. Nuvoton Tech. Corp,* 689 F.3d 1358, 1360 (Fed. Cir. 2012). In ruling on this motion, the Court must accept uncontroverted allegations in the Amended Complaint as true and resolve factual conflicts in iFLY's favor, but it need not accept "bare formulaic accusation[s]" pleaded in the Amended Complaint. *Id.* at 1360, 1365.

A court can exercise personal jurisdiction over an out-of-state defendant if the forum state's long-arm statute permits jurisdiction without violating federal due process. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). In Texas, where the forum's long-arm statute is co-extensive with the limits of constitutional due process, personal jurisdiction exists where a defendant has "certain minimum contacts with [the jurisdiction] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 316.

Personal jurisdiction may be general or specific. General jurisdiction exists where the defendant has "continuous and systematic contacts" with the forum state such that the exercise of jurisdiction remains fair even when the cause of action has no relationship with those contacts. *AFTG-TG,* 689 F.3d at 1360. Specific jurisdiction exists when the defendant has purposely directed his activities into the forum and the litigation results from alleged injuries that "arise out of" or "relate to" those activities. *Id.*

In patent cases, the law of the Federal Circuit controls. *Id.* at 1364. The Federal Circuit has distilled the specific jurisdiction question into a three-part test, which asks "(1) whether the defendant purposefully directed activities at the forum's residents; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Id.* at 1361; *see also Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995.

The Amended Complaint does not allege that ISG is subject to general jurisdiction. The question presented is whether the Court has specific jurisdiction over ISG.

The Amended Complaint alleges that a single accused product, which has not yet been built—a wind tunnel to be used in an indoor skydiving simulator—has been sold or "offered for sale" in Arizona. Dkt. No. 16 at ¶¶ 30-34. The facts of this case show that ISG's activities do not meet the minimum contacts required for personal jurisdiction in Texas. The only contacts present are limited communications with a non-party witness who formed a holding company in Texas for the sole purpose of conducting business in Arizona. The existence of one non-party witness in Texas, and ISG's email communications with that witness, are insufficient to meet the "minimum contacts" required for the exercise of personal jurisdiction. *See HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1305 (Fed. Cir. 1999 (defendant's one sales representative located in the forum, and one presentation of the allegedly infringing product made by defendant's officers in the forum, were insufficient to show purposeful availment); *Princeton Digital Image Corp. v. Facebook, Inc.*, Case No. 2:11-cv-00400-JRG, 2012 WL 3647182, at *2-3 (E.D. Tex., Aug. 23, 2012 (holding company that did no business in Texas was not subject to personal jurisdiction in

Texas); *Commonwealth Scientific and Industrial Research Organization v. Real Communications, Inc.*, Case No. 6:12-cv-00842-LED, Dkt. No. 49, at 5-7 (E.D. Tex., Aug. 8, 2014) (applying minimum contacts analysis and finding that some sales support activity in the State was not sufficient for purpose of jurisdiction).

The Plaintiff's cause of action does not arise from or relate to ISG's contacts with Texas. The Amended Complaint alleges infringement premised on the "offer for sale" and/or "sale" prongs of 35 U.S.C. §271(a). Dkt. No. 16 at ¶¶ 30-34. Because an offer for sale occurs at the place of the contemplated sale—here, Arizona— there has been no offer for sale in Texas. *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1309 (Fed. Cir. 2010). The facts of record show that no actual sale has occurred, and even if it had, the sale occurred in Arizona. *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 769 F.3d 1371, 1377, 1381 (Fed. Cir. 2014). Thus, the required nexus for specific personal jurisdiction in Texas is missing.

Finally, the exercise of jurisdiction by Texas is unreasonable and unfair. *Avocent Huntsville Corp. v. Aten Intern. Co.*, 552 F.3d 1324, 1331 (Fed. Cir. 2008), citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985). The "center of gravity" for this case is Phoenix, Arizona. *See Proshot Golf v. Leading Edge Techs.*, Case No. 3:96-cv-1906-D, 1996 WL 673265, at *2 (N.D. Tex. Oct. 31, 1996). The alleged infringement can only have occurred in Arizona, through a business created by Arizona residents. *Transocean*, 617 F.3d at 1309*; Halo Electronics,* 769 F.3d at 1381. The project is being planned and designed by Arizona companies, to be built on land owned by an Indian Community in Arizona and, if built, will be constructed, staffed and frequented by Arizona residents. There is no such factual connection between this case and the State of Texas.

In short, there are insufficient contacts in Texas, the cause of action does not relate to or arise out of contacts with Texas, and it would be unfair and unreasonable to subject ISG to personal jurisdiction in this Court.

**II.    (Alternative Order)  This Case Should Be Transferred to the District of Arizona Pursuant to 28 U.S.C. § 1404(a).**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*"). If that threshold is met, courts then analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009).

The private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198. The public factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008 ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315; *In re Nintendo*, 589 F.3d at 1200.

The threshold question is whether this suit could have been brought in the District of Arizona. *In re Volkswagen II*, 545 F.3d at 312. This action could have been brought in the District of Arizona because that Court has subject matter jurisdiction pursuant to 28 U.S.C.

§ 1338(a). The District of Arizona can exercise personal jurisdiction over ISG. *Transocean*, 617 F.3d at 1309; *Halo Electronics,* 769 F.3d at 1381. Venue is proper in the District of Arizona under 28 U.S.C. § 1391(c)(3).

The private interest factors favor transfer to the District of Arizona. The Plaintiff has not identified any sources of proof or witnesses located in the Eastern District of Texas. On the other hand, the accused product, if built, will be located near Phoenix, Arizona. The physical location of the accused product means it will be available for jury view by an Arizona jury, but unavailable to a jury in this district. Moreover, the District of Arizona is home to, and clearly more convenient for, almost all non-party witnesses, including the members of the Salt River Pima-Maricopa Indian Community. The Arizona Court will have absolute subpoena power over most of the important non-party witnesses. The one non-party witness located in Texas has agreed to voluntarily appear for trial in Phoenix, Arizona. Because the vast majority of non-party witnesses reside in Arizona, including members of the Salt-River Pima Maricopa Indian Community, the convenience and cost of attendance for witnesses greatly favors transferring this case to the Arizona Court.

The public interest factors also favor transfer to the Arizona Court. Arizona has a dominant interest in resolving the infringement issues in this case and decisions flowing from this infringement lawsuit will be felt in Phoenix, not Marshall. This Court believes an Arizona jury should resolve this dispute because the outcome of this case is important to the citizens of Arizona, but is little to no importance to the citizens of East Texas. The Defendant states that it is likely to bring counterclaims that sound in Arizona tort law. The Arizona Court is likely to be more familiar with the state law that will govern defendant's counterclaims.

Because all the private interest factors and three of the four private interest factors weigh heavily in favor of transfer to the District of Arizona, that Court is a clearly more convenient forum for the resolution of this dispute. The Court, therefore, grants ISG's motion to transfer venue to the District of Arizona.

IT IS SO ORDERED