# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| IFLY HOLDINGS LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 2:14-cv-01080-JRG-RSP |
| § | |
| INDOOR SKYDIVING GERMANY § | |
| GMBH, § | |
| § | |
| Defendant. § | |

## MEMORANDUM ORDER

Pending before the Court is Defendant Indoor Skydiving Germany GMBH's ("ISG") Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction and, Alternatively, to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). (Doc. No. 21.) ISG contends that this case should be transferred to the District of Arizona. Plaintiff iFLY Holdings LLC ("iFLY") opposes transfer. The Court has considered all the factors and weighed all the evidence and finds that transfer is not warranted.

## BACKGROUND

iFLY has its principal place of business in Austin, Texas. (Doc. No. 16 ¶ 1.) Since iFLY's founding in 1998, it has become the world leader in the vertical wind tunnel industry. (Doc. No. 29, at 3.) iFLY has built vertical wind tunnels in thirty-six places around the world. (*Id.*) Four of those wind tunnels are in Frisco, Austin, and Houston in Texas.[1] (*Id.*) ISG has its principal place of business in Gladbeck, Germany (Doc. No. 16 ¶ 3) and has built vertical wind tunnels in five places around the world (Doc. No. 16 ¶ 22; Doc. No. 21, at 6). None of ISG's

---

[1] Frisco, Texas is in the Eastern District of Texas. Austin, Texas is in the Western District of Texas. Houston, Texas is in the Southern District of Texas.

wind tunnels are in the United States (Doc. No. 16 ¶ 22; Doc. No. 21, at 6), but generally, iFLY and ISG compete in the vertical wind tunnel industry (Doc. No. 21, at 5).

iFLY has alleged that ISG infringes U.S. Patent No. RE43,028 (the "'028 patent") by offering to "sell one or more vertical wind tunnel amusement devices to Texas businesses FliteShop Phoenix, LP, FliteShop PHX Genpar, LLC, and/or Armor Capital LLC and/or Texas resident Max Reising (together "FliteShop")." (Doc. No. 16 ¶¶ 30, 31.) iFLY contends that because of this purported sale by ISG, FliteShop intends to build a "vertical wind tunnel amusement device" in Phoenix, Arizona. (Doc. No. 16 ¶ 10.) FliteShop has four partners: Mr. Reising, Jason Peters, Gary Schmit, and Andy Malchiodi.[2] (Doc. No. 21, at 2–5.) FliteShop and Mr. Reising are residents of Texas. (Doc. No. 16 ¶¶ 7–9.)

**APPLICABLE LAW**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first step in a Court's transfer analysis is deciding "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

If that threshold is met, the Court then analyzes public and private factors relating to the convenience of parties and witnesses and the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of

---

[2] Mr. Peters lives in Arizona. Mr. Schmit lives in Arizona. Mr. Malchiodi lives in California.

proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203; *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen I*, 371 F.3d at 203; *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Volkswagen II*, 545 F.3d at 315; *Nintendo*, 589 F.3d at 1200; *TS Tech*, 551 F.3d at 1319. Although the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 314–15.

Timely motions to transfer venue should be "should [be given] a top priority in the handling of [a case]" and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Doc. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

A.     **Proper Venue**

Section 1391 provides: "For all venue purposes—a defendant not resident in the United States may be sued in any judicial district." 28 U.S.C. § 1391(c)(3). Because ISG is a resident of

Germany, venue is proper in both the Eastern District of Texas and the District of Arizona. *See* 14D Charles Alan Wright et al., *Federal Practice and Procedure* § 3810 (4th ed. 2013) ("The result of this amendment is that non-residents of the United States simply may not object to venue."). The Court in a Report and Recommendation found that ISG was subject to personal jurisdiction in Texas. (Doc. No. 67.) The Court assumes without deciding that ISG is also subject to personal jurisdiction in Arizona.[3]

## B. Private Interest Factors

### 1. Relative Ease of Access to Sources of Proof

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted).

ISG asserts that "[t]he ease of access to sources of proof strongly weighs in favor of transferring this action to Arizona." (Doc. No. 21, at 20.) The "[d]ocuments concerning the design of the accused wind tunnel are located in Germany or in Arizona" (*id.* at 21) and the "documents concerning the early stages of the [FliteShop wind tunnel] project likely reside in [Mr.] Peters's and [Mr.] Schmit's files in Arizona" (*id*. at 20).

According to ISG, FliteShop has plans to build the wind tunnel in Phoenix, therefore, if "documents required for the project will be prepared [it will be] with the assistance of FliteShop's architects and engineers, all of whom are located in or near Phoenix." (Doc. No. 21,

---

[3] Generally, ISG contends that it is subject to personal jurisdiction in Arizona because it is "the only place where the allegedly infringing product can be argued to have been offered for sale." (Doc. No. 21, at 19.) iFLY responds that none of ISG's authority supports that finding. iFLY asserts that all of ISG's authority relates to the presumption against extraterritoriality in 35 U.S.C. § 271(a). (Doc. No. 29, at 16–17.)

4

at 21.) The proposed wind tunnel is large, so if built, "[t]he accused infringing device . . . cannot be physically inspected by an Eastern District [of Texas] jury at trial. [But it] can [] be made available for inspection by a Phoenix jury." (*Id.* at 20.) ISG finally contends that FliteShop will build the wind tunnel according to the requirements of the "State of Arizona and/or the Salt River Maricopa-Pima Indian Community." (*Id*. at 21.)

iFLY responds that this case should be tried in the Eastern District of Texas because "[t]he bulk of iFLY's witnesses and documents are in Texas." (Doc. No. 29, at 18.) iFLY asserts that it has "potentially relevant documents in [] its corporate offices in Austin and its company-owned facilities," including those in this District. (*Id.*) Finally, iFLY asserts that "[o]ther third party witnesses and their corresponding documents are located outside of both Texas and Arizona . . . [with] [i]nventor Bill Kitchen . . . in Florida [and], inventor Michael Palmer . . . in Virginia." (*Id.* at 20.)

The Court finds that this factor weighs against transfer. iFLY has documents in Austin, Frisco, and Houston. (Doc. No. 29, at 3; Doc. No. 29-4, at 7.) ISG has no documents in the United States. (Doc. No. 21-4 ¶ 3.) "All of ISG's research and development takes places in Germany" and "ISG makes . . . wind tunnels for use in indoor skydiving simulators in Europe and Asia." (Doc. No. 21-4 ¶ 3.)

The third-party documents are in Texas, Arizona, California, Florida and Virginia. Mr. Reising keeps documents in Southlake, Texas, that relate to "the planning, financing, and development of [the FliteShop wind tunnel] project."[4] (Doc. No. 21, at 8; Doc. No. 29-3, at 3.) Mr. Peters and Mr. Schmit keep documents in Phoenix, Arizona, that relate to the "genesis and founding of FliteShop," potential damages, and marketing. (Doc. No. 29-3, at 3; Doc. No. 21, at

---

[4] Southlake, Texas is in the Northern District of Texas. (Doc. No. 29, at 21.)

7–8.) Likewise, several architects, engineers, and members of the Salt River Pima-Maricopa Indian Community in Arizona may keep documents that relate to the FliteShop wind tunnel project.[5] (Doc. No. 21, at 22; Doc. No. 29-3, at 3–4.) Mr. Malchiodi keeps documents relating to the "genesis and founding of FliteShop" in Lake Elsinore, California. (Doc. No. 29-3, at 3; Doc. No. 21, at 8.) Finally, the inventors Mr. Kitchen and Mr. Palmer keep documents relating the invention of the '028 patent in Orlando, Florida and Poquoson, Virginia respectively. (Doc. No. 29, at 20, 22.)

### 2. Cost of Attendance for Willing Witnesses

The Court considers the convenience of the party and non-party witnesses, and the convenience of non-party witnesses has the greater weight. *See Genentech*, 566 at 1343; *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D.N.Y. 1990); *see also* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3851 (3d ed. 2012). The Court also considers "the relevance and materiality of the information the witness may provide" but the Court but does not require the movant to identify "key witnesses" or show "that the potential witness has more than relevant and material information . . . ." *Genentech*, 566 at 1343–44.

The Court finds that this factor weighs against transfer. iFLY has six witnesses located in Texas (Doc. No. 29-4, at 4–5) and ISG has no witnesses located in the United States (Doc. No. 29-3, at 2). The convenience of the third-party witnesses does not change the Court's analysis:

---

[5] The parties do not dispute that when this motion was filed FliteShop had not yet purchased a vertical wind tunnel from ISG. The parties also do not dispute that when this motion was filed FliteShop has not yet built a vertical wind tunnel in Phoenix. (Doc. No. 21, at 21 ("The accused skydiving simulator, if built, will be operated by Arizona residents Peters and Schmit.")); Doc. No. 29, at 22); *see Genentech*, 566 at 1343–44 ("A district court should assess the relevance and materiality of the information the witness may provide.").

Marshall is closer for the witnesses in Texas, Florida, and Virginia, while Phoenix is closer for the witnesses in Arizona and California.

Mr. Reising lives in Southlake, Texas, and can testify as to the "construction, leas[ing], and financing" of the vertical wind project tunnel in Phoenix. (Doc. No. 29-3, at 3.) The inventors, Mr. Kitchen and Mr. Palmer live in Florida and Virginia respectively, and can testify as to the invention claimed in the '028 patent. (Doc. No. 29, at 4, 20.) Mr. Peters and Mr. Schmit live in Phoenix, Arizona, and can testify as to the "genesis and founding of FliteShop," potential damages, and the marketing of the company. (Doc. No. 29-3, at 3.) Several architects, engineers, and members of the Salt River Pima-Maricopa Indian Community live in Arizona and may be able to testify about "the approval and construction of the Phoenix [wind tunnel] project." (Doc. No. 29-3, at 3–4.) Finally, Mr. Malchiodi lives in Lake Elsinore, California, and can testify as to the same topics as Mr. Peters and Mr. Schmit. (*Id.* at 3.)

### 3. Availability of Compulsory Process to Secure the Attendance of Witnesses

Federal Rule of Civil Procedure 45 provides that the Court may command a person to attend trial in Marshall if that person "resides, is employed, or regularly transacts business in person" in Texas and "would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B). The Court also may command a person to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45 (a)(2); *see id.* (c)(1)(A), (d)(3)(a). Party witnesses do not normally require compulsory process, and the Court's analysis of this factor focuses on third-party witnesses that may require compulsory process to attend trial.

ISG contends that this factor favors transfer because Mr. Peters, Mr. Schmit, members of the Salt River Pima-Maricopa Indian Community, and some engineers and consultants are only

7

subject to compulsory process in the District of Arizona. (Doc. No. 21, at 23.) iFLY contends that this factor is neutral as to transfer because Mr. Reising is subject to compulsory process in the Eastern District of Texas (Doc. No. 29, at 21) and neither the Eastern District of Texas nor the District of Arizona has compulsory process over Mr. Malchiodi, Mr. Kitchens, and Mr. Palmer (Doc. No. 29, at 22).

The Court finds that this factor is neutral as to transfer. Mr. Reising, Mr. Peters, Mr. Schmit, Mr. Malchiodi, Mr. Kitchens, and Mr. Palmer are the witnesses who can offer the most material testimony in this dispute. The Eastern District of Texas has subpoena power of Mr. Reising, and the District of Arizona has subpoena power of Mr. Peters and Mr. Schmit. Neither District has subpoena power of Mr. Malchiodi, Mr. Kitchens, and Mr. Palmer.

**4.    All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive**

ISG contends that this factor favors transfer because "FliteShop's efforts to design and develop an indoor skydiving simulator, marketing efforts, and operational plans are all centered in Phoenix." (Doc. No. 21, at 26.) ISG further contends that this factor favors transfer because "[e]ven if this Court were to conclude it has personal jurisdiction over ISG, it lacks jurisdiction over the individual members of FliteShop Phoenix LP and the Salt River Pima-Maricopa Indian Community, and will not have the required jurisdiction to enforce injunctive relief if ordered after trial." (Doc. No. 21, at 27.)

iFLY responds that ISG, not FliteShop, is the defendant in this suit, and iFLY asserts that the "vertical wind tunnel that [ISG] offered for sale to FliteShop was researched and developed in Germany." (Doc. No. 29, at 24.) iFLY also notes that "enforcing an injunction against ISG [will] not require 'jurisdiction over the individual members of FliteShop Phoenix LP and the Salt River Pima-Maricopa Indian Community.'" (Doc. No. 29, at 25.)

The Court finds that this factor is neutral as to transfer. The Court's ability to determine if ISG has infringed the '028 patent is not affected by FliteShop's possible construction or marketing activities in Arizona. The Court further finds that ISG's concerns about the injunction are moot because iFLY has only moved to enjoin ISG and ISG's affiliates. iFLY has not moved to enjoin any individual members of FliteShop Phoenix LP or the Salt River Pima-Maricopa Indian Community. (Doc. No. 16, at 9.)

**C.     Public Interest Factors**

**1.      Local Interest in Having Localized Interests Decided at Home**

The Court finds that this factor weighs against transfer. iFLY is based in Texas and ISG is based in Germany. Texas residents have a strong interest in deciding a patent infringement dispute involving a patent owned by a Texas company. Furthermore, the Court agrees with iFLY that whether the vertical wind tunnel in Phoenix will be built is speculative. The uncertain nature of the wind tunnel project somewhat diminishes the interest that Arizona's residents have in this case.

**2.      Administrative Difficulties Flowing From Court Congestion**

The Court finds that this factor is neutral as to transfer because the Eastern District of Texas and the District of Arizona have similar times to trial.

**3.      Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law**

ISG contends that these factors favor transfer because ISG intends to assert counterclaims under Arizona state law. (Doc. No. 21, at 28–29.) iFLY responds that Texas law would govern the counterclaims because the facts giving rise to the counterclaims occurred in Texas. (Doc. No. 29, at 28.)

The Court finds that these two factors are neutral as to transfer. First, on the day the motion was filed, the only asserted claims were for patent infringement under federal law. Federal law can be applied equally by either the Eastern District of Texas or the District of Arizona. Second, ISG has not responded to iFLY's arguments by showing why it can assert its counterclaims under Arizona law. (*See* Doc. No. 30, at 15.)

## CONCLUSION

A motion to transfer venue should only be granted upon a showing that one venue is "clearly more convenient" than another. *Nintendo Co.*, 589 F.3d at 1197; *Genentech*, 566 F.3d at 1342. After weighing the evidence as a whole, the Court finds that the District of Arizona would not be "clearly more convenient" for this case. Indoor Skydiving Germany GMBH's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction and, Alternatively, to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. No. 21) is **DENIED-IN-PART** as to ISG's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).

**SIGNED this 6th day of October, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE