IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| IFLY HOLDINGS LLC, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:14-cv-01080-JRG-RSP |
| | § | |
| INDOOR SKYDIVING GERMANY GMBH, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER ON SUPPLEMENTAL CLAIM CONSTRUCTION

Pending before the Court are Defendant Indoor Skydiving Germany GmbH's ("ISG") Motion for Clarifying Claim Construction Prior to Trial (Dkt. No. 206) and Motion in Limine No. 1 (Dkt. No. 177). The Court, before these motions were filed, construed the limitation "a fan whereby an airflow is induced" as "a fan located above the chamber that induces an airflow." (Dkt. No. 111 at 29.) ISG now argues "above" means "higher-than" and "downstream" from the chamber. (Dkt. No. 206 at 1.) Plaintiff iFLY Holdings LLC asserts in response "above" means "downstream" from the chamber. (Dkt. No. 220 at 1.) ISG further claims iFLY should be barred from arguing the "chamber" is only "the glass-enclosed portion" of a wind tunnel. (Dkt. No. 177 at 3.)

### APPLICABLE LAW

The Federal Circuit has held: "When the parties raise an actual dispute regarding the proper scope of [the] claims, the court . . . must resolve that dispute." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008). The court must resolve the dispute because "the scope of the asserted claims is a question of law," *id*. at 1361, and the

court cannot leave "the jury free to consider the[] [parties'] arguments" on a disputed question of law, *id.* at 1362.

The Court applies familiar principles of claim construction. Those begin: "the words of a claim 'are generally given their ordinary and customary meaning.'" *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005). The meanings of the words are determined from the context of the entire patent, including the specification. *Trs. of Columbia Univ. in the City of New York v. Symantec Corp.*, No. 2015-1146, 2016 WL 386068, slip op., at *2 (Fed. Cir. Feb. 2, 2016). However, "the specification and prosecution history [] compel departure from the plain meaning in two instances: lexicography and disavowal." *GE Lighting Sols., LLC v. AgiLight, Inc.*, 750 F.3d 1304, 1309 (Fed. Cir. 2014).

## ANALYSIS

**"Above"**

The parties' dispute during claim construction centered on whether the intrinsic evidence required a "fan whereby an airflow is induced" to be a "fan" "situated on top of the chamber." (*See* Dkt. No. 111 at 26.) The Court found the "fan" did not need to be "situated on top of the chamber" because a construction that recited this limitation would exclude embodiments and run counter to the doctrine of claim differentiation. (*See* Dkt. No. 111 at 29–30.) In short, the Court did not find intrinsic evidence that required the fan to be "on top of the chamber." *See Thorner v. Sony Comput. Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012); *see also Columbia*, 2016 WL 386068, at *2.

The Court did find, however, that the patentee had disclaimed fans "below" the chamber. *See Thorner*, 669 F.3d at 1366 ("The patentee may . . . deviate from the ordinary and accustomed meaning of a claim term by including, in the specification expressions of manifest exclusion or

restriction, representing a clear disavowal of claim scope.") (quoting *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1325 (Fed. Cir. 2002)); *Home Diagnostics, Inc. v. LifeScan, Inc.*, 381 F.3d 1352, 1358 (Fed.Cir.2004) ("Absent a clear disavowal in the specification or the prosecution history, the patentee is entitled to the full scope of its claim language."). The Court noted that to overcome St.-Germain, the patentee had said "the fans [in the claimed invention] are above the flight chamber" in prosecution. (Dkt. No. 111 at 29; *see* U.S. Patent No. 4,457,509 col. 3, ll. 36–37 (showing fans below chamber).)

The Court thus construes "a fan whereby an airflow is induced" to mean "a fan located above the top of the chamber that induces an airflow." The "fan" needs to be "above" the "top of the chamber" because the patentee used the phrase "above the flight chamber." (Dkt. No. 111 at 29.) This disavowal imposes two limitations on claim scope: first, the "fan" must be positioned to allow room for a "flight chamber" and second, the "fan" must be positioned "above" the "flight chamber" unlike in St.-Germain. (*See* '509 patent col. 2, ll. 54–56 ("On the bottom inward axial projection **10**, there is mounted an air blower in the form of an air blowing propeller **13**.").) The Court's construction meets these limitations.

The Court rejects ISG's attempt to read "on-top-of" into the disavowal. "When the prosecution history is used solely to support a conclusion of patentee disclaimer, the standard for justifying the conclusion is a high one." *Avid Tech., Inc. v. Harmonic, Inc.*, 812 F.3d 1040, 1045 (Fed. Cir. 2016). "[F]or prosecution disclaimer to attach, our precedent requires that the alleged disavowing actions or statements . . . be both clear and unmistakable." *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d, 1314, 1325–26 (Fed.Cir.2003). Here, the disavowal extends to the two limitations already stated. The disavowal extends to no more and no less.

Finally, the Court again notes that the intrinsic record does not require the "fan" to be partly "on-top-of" the "chamber." The specification teaches and the parties agree, "fans" can be "arranged radially about a major axis." ('028 patent col. 3, ll. 23–24.) The Court, in interpreting this statement focuses on "arranged radially" and not "fans . . . about a major axis." "Radially" teaches a concept which is that the "fans" do not need to be "on-top-of" the chamber. Conversely, "fans . . . about a major axis" just describes a preferred embodiment. The Court notes that drawings of preferred embodiments are generally not limiting. *See EPOS Techs. Ltd. v. Pegasus Techs. Ltd.*, 766 F.3d 1338 (Fed. Cir. 2014) ("[I]t is improper to read limitations from a preferred embodiment described in the specification—even if it is the only embodiment—into the claims absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited."); *see also Hockerson-Halberstadt, Inc. v. Avia Grp. Int'l, Inc.,* 222 F.3d 951, 956 (Fed.Cir.2000) ("[P]atent drawings do not define the precise proportions of the elements and may not be relied on to show particular sizes if the specification is completely silent on the issue.").

The Court, however, does not construe "above" to mean "downstream." The Court agrees the specification states "above" means "downstream." (*See* '028 patent col. 3, ll. 18–23 ("fans located above, i.e. downstream of, the flight chamber.")); *Edwards Lifesciences, LLC v. Cook, Inc.*, 582 F.3d 1322, 1334 (Fed. Cir. 2009) (affirm use of 'i.e.' as signal for lexicography). But, as noted before, the Court found the distinction between the invention and St.-Germain based on the spatial location of the fan. Furthermore, the specification's reference to "downstream" is in the context of "a single pass, non-return flow vertical wind tunnel." ('028 Patent at col. 3, ll. 18–20.)

**"Chamber"**

The Court construed the limitation "chamber for containing an airflow" to mean an "area enclosed by walls for containing an airflow." (Dkt. No. 111 at 21.) ISG asserts this construction should bar iFLY from "confus[ing] the jury by referring to the 'chamber' in the asserted claims as the 'flight chamber,' and limiting the 'chamber' to just the glass-enclosed portion of the area enclosed by walls for containing the airflow where simulated free-fall takes place." (Dkt. No. 177 at 3.) iFLY argues that the Court's construction does not prevent it from saying "the chamber for containing an airflow" is the "flight chamber." iFLY further asserts that before ISG changed its position, the parties agreed the "chamber" was the "flight chamber." (Dkt. No. 191 at 2, 3.)

The Court finds iFLY may argue that the "chamber" is the "flight chamber" and further may argue the "flight chamber" is only the glassed-in part of the wind tunnel. The parties' dispute in claim construction centered on whether the construction should include: "for simulated skydiving," "high speed," and "wall to wall." (Dkt. No. 55 at 12–13.) The Court found the construction should exclude these limitations because they stated an intended use, were not clear, and violated the doctrine of claim differentiation. (*See* Dkt. No. 111 at 20–21.) The Court added the phrase "area enclosed by walls" to clarify that the chamber could not be open. *See Columbia*, 2016 WL 386068, at *2.

The Court agrees with iFLY that "chamber" can be the "flight chamber." The specification uses the "flight chamber" repeatedly and uses "chamber" alone once. That appears in the specification as part of the sentence: "In the instant invention the displaced airflow may exit the opening in the staging area and re-enter the airflow in the chamber above the user through the perforated wall section **230**." ('028 patent col. 6, ll. 64–67.) "Chamber" in that

5

sentence means "flight chamber." It refers to "flight chamber" earlier in the paragraph. (*See* '028 patent col. 6, l. 53–54 ("A portion of flight chamber **110** comprises a perforated wall section **230**.").)

Furthermore, construing "chamber" to include the "diffuser" may read out preferred embodiments. Claim 18 recites "wherein said duct has a diverging taper from said chamber to said fan thereby reducing an airflow velocity [to a level incapable of supporting a user] *in that section*." ('028 patent col. 13, l. 48–50.) The parts of the specification that correspond to this limitation discuss the "diffuser." The specification says: "The airflow path exits the flight chamber **110** and enters the diffuser section **120**. Within the diffuser **120** the airflow velocity is slowed." ('028 patent col. 5, ll. 54–57.) It further says: "The sides of the diffuser diverge from the major axis of the invention at approximately 7 degrees." ('028 patent col. 6, ll. 40–42.) The Court will not read "chamber" to include "diffuser" and vitiate the limitation on "reducing airflow velocity."[1]

The Court also finds that iFLY may argue the "flight chamber" is the glassed-in part of a wind tunnel. The specification states the glassed-in part of the wind tunnel is the "flight chamber" multiple times. For example, it labels a room with top-to-bottom "windows" in Figure 12 as a "cross-section view of the flight chamber." (*See* '028 patent col. 10, ll. 18–37.) The specification also defines "flight chamber" as separate but connected to the "diffuser." (*See* '028 patent col. 6, ll. 43–44 ("This results in a smooth transition for the airflow from the flight

---

[1] Claim 1 also suggests "chamber" means "flight chamber" as the "perforations" are in the "upper section" of the "chamber." The "perforations" would not be in the "upper section" of the "chamber" if the "chamber" included the "diffuser." Furthermore, "upper section" in the claim does not refer to "staging area." The specification states in some embodiments "[a] portion of flight chamber **110** comprises a perforated wall section **230** ('028 patent col. 6, ll. 53–54) but the "[p]erforated wall section **230** is located **above** the staging area **240**."('028 patent col. 12, ll. 53–54 (emphasis added).) Thus, the "perforations" are "above" the "staging area."

chamber to the fan inlets.").) In one embodiment, for example, the specification states that the "flight chamber" is about "17 feet tall" and "immediately" below the "diffuser." (*See* '028 patent col. 6, ll. 39–40 ("Immediately above the flight chamber **110** is the diffuser **120**."); '028 patent col. 6, ll. 49–50.)

## CONCLUSION

For the reasons above, the Court finds ISG's Motion for Clarifying Claim Construction (Dkt. No. 206) is **GRANTED**. The Court construes "a fan whereby an airflow is induced" as "a fan located above the top of the chamber that induces an airflow." The Court finds ISG's Motion in Limine No. 1 (Dkt. No. 177) is **DENIED**. The motion as it relates to "above" is unnecessary because the Court resolved the issue in the Motion for Claim Construction. (Dkt. No. 206.) The motion as it relates to "chamber" is denied because the testimony from iFLY does not contradict the specification. The parties may not refer to the Court's reasoning or the parties' positions in testimony or argument. The parties' further may not contradict the Court's reasoning even if it is not part of an express construction.

**SIGNED this 25th day of March, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE